## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                    No. 16-CR-02904 MV

BRIAN TONY,

       Defendant.

### <u>AMENDED ORDER</u>

**THIS MATTER** is before the Court on the United States' Opposed Motion to Exclude 404(b) Evidence.  Doc. 239.  Mr. Tony filed a response in opposition on February 10, 2022.  Doc. 241.  Parties argued the instant motion at a pretrial conference on February 11, 2022.  Doc. 249. On February 17, 2022, Mr. Tony then filed an amended response in opposition [Doc. 247], and the government filed a reply the same day [Doc. 250].  Having considered the briefs, relevant law, and being otherwise fully informed, the Court found that the motion was well-taken and granted the motion in part on February 24, 2022.  Doc. 254.  Upon further thought and reflection, the Court maintains that the motion is well-taken and is granted in part, but amends the Order as follows.

### BACKGROUND

On February 9, 2022, Mr. Tony filed Defendant's Notice of Intent to Use Evidence of Other Crimes, Wrongs or Acts Pursuant to Federal Rule of Evidence 404(b).  Doc. 234.  He proposes to present reverse 404(b) evidence through the testimony of Brian Tony and Flornora Tony "that the alleged victim regularly carried a large buck knife in a pouch on his belt[, . . .] that he called the knife 'his enforcer,' and reported and threatened that if someone tried to do something to him, he would use it against that person." *Id.* at 1.  Mr. Tony also proposes to present witness testimony

1

that the alleged victim "threatened to use the knife against individuals who owed him money or had otherwise wronged him and that the alleged victim stated that he would use the knife to cut anyone open if they gave him any trouble." *Id.* Finally, he proposes to testify that "he knew that the alleged victim had used Mr. Tony's brother, Vincent, as an enforcer in his drug dealing business." *Id.* at 2. Mr. Tony did not indicate a permissible purpose for this evidence. *Id.*

On February 10, 2022, the government filed United States' Opposed Motion to Exclude 404(b) Evidence. Doc. 239. The government first argues that the proposed 404(b) evidence should be excluded because Mr. Tony has not met his burden to establish a permissible purpose for the evidence. *Id.* at 2–3. The government then argues that if Mr. Tony seeks to introduce this evidence as proof of intent or motive then the Court should exclude the evidence because it would only serve as propensity evidence, leading the jury to infer that the alleged victim was violent and acted in conformity with this character trait on the date of his death. *Id.* at 3. Finally, the government argues that the proposed 404(b) evidence is more prejudicial than probative and does not satisfy the Rule 403 balancing test. *Id.*

On February 11, 2022, Parties argued the instant motion and defense counsel gave a lengthy proffer of evidence. *See* Doc. 249. Based on this proffer, Mr. Tony also proposes to present reverse 404(b) evidence including (1) his relationship with the alleged victim, (2) the alleged victim's debt to Mr. Tony, (3) the alleged victim's history of drug use, (4) the alleged victim's history of drug trafficking, and (5) the alleged victim's history of incarceration. *Id.*; *see also* Doc. 247.

Mr. Tony then filed an Amended Response on February 16, 2022 to supplement his February 10, 2022 Response in opposition to the instant motion. *See* Docs. 241, 247. In his Responses, as well as in the February 11, 2022 pretrial conference, Mr. Tony argued that all of the

proposed evidence is highly relevant to his state of mind and highly probative of whether he acted

in self-defense.  *Id.*; Doc. 249 at 61–62.    He also argued that the proposed evidence is intrinsic

evidence.  Doc. 247 at 1–3; Doc. 249 at 59.

The government filed a Reply on February 17, 2022, arguing (1) that the proposed evidence

is not intrinsic evidence, (2) that it is inadmissible propensity evidence, and (3) that the probative

nature of the evidence is substantially outweighed by the risk of unfair prejudice.  Doc. 250.

## LEGAL STANDARD

In *United States v. Montelongo*, the Tenth Circuit provided:

> Rule 404(b) is typically used by prosecutors seeking to rely on a criminal
> defendant's prior bad acts as proof of "motive, opportunity, intent, preparation,
> plan, knowledge, identity, or absence of mistake or accident" in the crime charged.
> The Rule is not so limited in its application, however, and evidence of a witness'
> other wrongs, acts, or crimes is admissible "for defensive purposes if it tends, alone
> or with other evidence, to negate the defendant's guilt of the crime charged against
> him." This type of evidence is often referred to as "reverse 404(b)" evidence.

420 F.3d 1169, 1174 (10th Cir. 2005).  Other courts of appeal have noted that "the standard of

admissibility when a criminal defendant offers similar acts evidence as a shield need not be as

restrictive as when the prosecution uses such evidence as a sword."  *United States v. Ballou*, 59 F.

Supp. 3d 1038, 1052 (D.N.M. 2014) (quoting *United States v. Aboumoussallem,* 726 F.2d 906 (2d

Cir. 1984)).  Thus, the "admissibility of reverse 404(b) evidence depends on a 'straightforward

balancing of the evidence's probative value against considerations such as undue waste of time

and confusion of the issues.'"  *Montelongo*, 420 F.3d at 1174.  Furthermore, "a lower standard of

similarity between the crime at issue and 'other crimes' evidence should govern 'reverse 404(b)'

evidence because prejudice to the defendant is not a factor."  *Id.* at 1174–75.

"The Tenth Circuit held that "evidence is intrinsic—and thus not subject to Rule 404(b)—

when the evidence of the other act and the evidence of the crime charged are inextricably

intertwined or both acts are part of a single criminal episode or the other acts were necessary

preliminaries to the crime charged." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (citations and quotations omitted).  There is no requirement that intrinsic evidence establish an element of the charged offense.  *Id.*  Rather, "[e]vidence is considered 'intrinsic' when it is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury, and 'extrinsic' when it is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2834 (2021).  Thus, intrinsic evidence is "essential to the context of the crime." *Irving*, 665 F.3d at 1212.

## DISCUSSION

### 1.  Reverse 404(b) Evidence

The Court finds that Mr. Tony may present evidence of the alleged victim's possession of a knife, as well as the alleged victim's statements to Mr. Tony or in his presence with regards to this knife.  As Mr. Tony has established, this evidence bears directly on Mr. Tony's knowledge and the reasonableness of his belief that self-defense was warranted.  Mr. Tony's knowledge of the alleged victim's purported violent tendencies is relevant and highly probative of "the fear and the state of mind of the defendant at the time of the incident." *United States v. Talamante*, 981 F.2d 1153, 1157 (10th Cir. 1992).  Thus, Mr. Tony has met his burden to establish a permissible purpose for this evidence.  *See* Fed. R. Evid. 404(b).

The Court finds, however, that certain limitations must be put on the admission of this reverse 404(b) evidence.  Because this evidence is only relevant to the extent that it bears on Mr. Tony's knowledge at the time of the incident, only Mr. Tony may testify as to this subject.  Other witnesses may only testify about the alleged victim's character through reputation and opinion evidence.  *See* Fed. R. Evid. 405.  Additionally, Mr. Tony's testimony regarding the knife must be

limited in time to the year preceding the instant offense.  The Court finds that this is necessary both because the alleged victim's older statements and actions are less probative of Mr. Tony's state of mind at the time of the offense and because decades-old evidence will result in an undue waste of time and confusion of the issues.  *See Montelongo*, 420 F.3d at 1174; Fed. R. Evid. 403.

Next, the Court finds that Mr. Tony may not present evidence of the alleged victim's previous incarceration with Mr. Tony or Mr. Tony's family members.  Based on Mr. Tony's proffer, this fact has no bearing on the instant offense or Mr. Tony's belief that self-defense was warranted.  These periods of joint incarceration have no bearing on the alleged victim's propensity for violence, and Mr. Tony has offered no persuasive reason to suggest otherwise.  Thus, the alleged victim's previous incarceration does not tend "to negate the defendant's guilt of the crime charged against him," and is therefore not admissible as reverse 404(b) evidence.  *Montelongo*, 420 F.3d at 1174.

Additionally, the Court finds that Mr. Tony may not present evidence of the alleged victim's history of drug trafficking, including in relation to any of Mr. Tony's family members. This proffered evidence has no bearing on Mr. Tony's belief that self-defense was warranted.  If anything, it lends support to the argument that Mr. Tony acted with animus rather than in self-defense, given his proffer that he was upset with the alleged victim for selling drugs to Mr. Tony's sister.  Doc. 249 at 44.  As such, the Court finds that the evidence has extremely limited probative value as reverse 404(b) evidence, which is substantially outweighed by the risk of confusing the issues and unduly wasting time, since the government would, no doubt, vigorously seek to rehabilitate the alleged victim.  *See* Doc. 250 at 8 (Characterizing "Doe [as] a violent drug dealer would likely contribute to an improper verdict and . . . open the door to a barrage of impeachment and rebuttal witnesses.").

The Court next finds that Mr. Tony may not present evidence of the alleged victim's history of drug use, apart from the date of the instant offense.  Mr. Tony suggests that the alleged victim's history of methamphetamine use is probative of his behavior on the night of the instant offense and thus bears on Mr. Tony's belief that self-defense was warranted.  Doc. 249 at 61–62.  The Court agrees that the alleged victim's drug use on the date of the instant offense is highly relevant to Mr. Tony's theory of self-defense since it may have affected the alleged victim's behavior.  *See, e.g.*, Doc. 237.  Yet it appears that Mr. Tony seeks to admit evidence of several decades of the alleged victim's drug use, arguing that this bears on the alleged victim's tolerance to methamphetamine and thus on the defense expert's ability to opine on the alleged victim's behavior on the date of the instant offense.  Doc. 249 at 61–62.  While the Court is sympathetic to this argument, Mr. Tony has failed to provide any guidance as to what period of time would bear on the alleged victim's tolerance to methamphetamine.  *Id.*  Without credible, scientific evidence on this point, the Court is unwilling to guess at the appropriate relevant time period.  As such, the Court finds that Mr. Tony has not carried his burden to establish a permissible purpose for evidence of the alleged victim's history of drug use, beyond the date of the instant offense.  If, however, Mr. Tony is able to provide credible guidance on this point, the Court is willing to reconsider the issue and may allow Mr. Tony, as well as other witnesses, to testify as to the alleged victim's drug use pursuant to Rule 404(b).  *See* Fed. R. Evid 404(b).

## 2.  Intrinsic Evidence

The Court finds that Mr. Tony may present evidence that he was acquainted with the alleged victim prior to the instant offense—subject to the constraints discussed above.  The Court finds that the fact of their prior acquaintance, as well as the tool theft is "inextricably intertwined" with the instant offense and is "directly connected to the factual circumstances of the crime."

*United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011).

The Court also finds, based on Mr. Tony's pretrial proffer, that Mr. Tony may present evidence that the alleged victim used and trafficked drugs in Mr. Tony's house, including testimony that there were multiple confrontations and great antagonism between the two. *See* Doc. 249. As Mr. Tony proffered, the alleged victim supplied narcotics to Mr. Tony's sister and left syringes out where Mr. Tony's one-year-old niece could come into contact with them in the time leading up to the instant offense. *Id.* at 44:25—45:1–2, 52:20–25—53:1–3. These allegations provide context for why the confrontation between Mr. Tony and the alleged victim became so violent and bears on the jury's ability to evaluate Mr. Tony's credibility and to ultimately determine whether Mr. Tony acted in self-defense. As such, this evidence is intrinsic because it is "essential to the context of the crime" and provides critical "contextual or background information to the jury." *Irving*, 665 F.3d at 1212. Moreover, in applying the Rule 403 balancing test, the Court finds (1) that prejudice to Mr. Tony is not at issue and (2) that the probative nature of this evidence outweighs the minor chance that it would confuse the issues or lead to undue waste of time. *See* Fed. R. Evid. 403.

The Court notes, however, that this ruling is limited to the period of time that the alleged victim used and trafficked drugs *in Mr. Tony's house*. The alleged victim's prior drug trafficking or drug use is not relevant to the instant offense because, as Mr. Tony proffered, it was only "the drug dealing in the house that caused them to change their relationship." Doc. 249 at 59:16–21. Thus, while the alleged victim's drug trafficking and drug use in Mr. Tony's home is "inextricably intertwined" with the deterioration of their relationship that culminated in the instant offense, his previous drug-related history "is not intimately connected or blended with the factual circumstances of the charged offense." *Irving*, 665 F.3d at 1212.

**IT IS THEREFORE ORDERED** that the United States' Opposed Motion to Exclude 404(b) Evidence [Doc. 239] is **GRANTED IN PART**, consistent with this Amended Order.

ENTERED this 28th day of February 2022.

                       _____

                       MARTHA VAZQUEZ

                       UNITED STATES DISTRICT JUDGE